# Daniel Law PLLC

---

The Honorable Ann M. Donnelly, U.S.D.J.                    February 24, 2016
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East, Chambers N415
Brooklyn, NY 11201

      Re:    <u>Eric Sorenson v. Sandra Simpson, 15-cv-4614 (AMD) (SMG)</u>

Dear Judge Donnelly:

      This replies to the February 23, 2016 letter of Lorna B. Goodman (Dkt. 17), counsel for plaintiff Eric Sorenson, in response to my letter of February 16, 2016 requesting a conference and permission for defendant Sandra Simpson to file a motion to dismiss under F.R.Civ.P. 12. Simpson's letter raises several procedural bases for dismissal but also seeks dismissal for failure to state claims for relief. Though Sorenson disputes whether Simpson has grounds for a Rule 12 motion, he "agrees it would be useful … to hold a conference …." Goodman Ltr. 3.

      Plaintiff is an attorney who asserts a claim for breach of a 2009 Contingent Fee Agreement under which he would receive a contingency fee of 33 1/3 percent of Simpson's recovery of damages, if any, based upon the "abduction and confinement" of Simpson and her then husband Dr. Mostafa Karim by Libya. Plaintiff's second claim for "unjust enrichment" is based on the same circumstances. Amend. Compl. pp. 6-8.

      As plaintiff well knew, the only available forum for Simpson's claims at the time of his 2009 Contingent Fee Agreement was the Foreign Claims Settlement Commission in Washington, D.C. Plaintiff himself had signed the joint stipulation dismissing Simpson's Washington, D.C. lawsuit against Libya with prejudice on November 19, 2008. *Simpson v. Socialist People's Libyan Arab Jamahiriya*, 00-cv-1722 (D.D.C.), Dkt. 107 (Ex. 1 (without exhibits, attached). Plaintiff had previously entered a contingency fee agreement with Simpson for that litigation dated May 13, 1999, which provided for a sliding scale contingency fee of 30% on the first $250,000 of any recovery, with lower percentages of amounts above $250,000. Goodman Ltr. Ex. 1. Under that first fee agreement, plaintiff was never entitled to any attorney's fees for work done in that case because it was voluntarily dismissed with prejudice without any monetary recovery from defendant Libya.[1]

      Plaintiff's 2009 Contingency Fee Agreement, on which he seeks to base his claims in this case, is void, unenforceable, and a criminal offense under 22 U.S.C. 1623(f). It provides that any agreement for attorney's fees in excess of 10% of any recovery before the Claims Commission

---

[1] Simpson filed that suit against Libya *pro se*. For unexplained reasons, plaintiff did not enter his appearance in the case for more than a year after it was filed. *Simpson v. Socialist People's Libyan Arab Jamahiriya*, 00-cv-1722 (D.D.C.), Dkt. 22.

---

Al J. Daniel, Jr. ★ Admitted in NY, DC & Ark.
305 Broadway, 7th Floor ★ New York, NY 10007 ★ 212 721 0902 ★ Cell 917 509 9956
AJD@DanielLawPLLC.com ★ www.DanielLawPLLC.com                              1

Daniel Law pllc

"shall be unlawful and void …," as well as a federal crime.[2]  Simpson was not required to articulate to Sorenson her reason for terminating his services.  The illegality of Sorenson's retainer agreement is an ample and sufficient basis for termination as a matter of law, wholly apart from her other reasons, which would require proof outside the complaint and would probably be disputed.

Plaintiff's contention that he can recover for all of the legal work he claims to have performed going back to 1999 under the guise of the 2009 Contingent Fee Agreement is baseless.  First, that Agreement is entirely void and unenforceable under 22 U.S.C. 1623(f), as explained in my initial letter.  Second, plaintiff's reliance upon language providing for "a reasonable fee" if he is terminated "before a judgment or settlement" is part of the wholly invalid 2009 Agreement.  Daniel Ltr. Ex. 1.  This language cannot support the contention that plaintiff can recover fees for work on the D.C. case going back to 1999.  The 2009 Agreement was an engagement (albeit an illegal one) for future services in pursuing claims before the Claims Commission.  Thus, at most, that language might have covered "reasonable fees" (but for the illegal agreement) for work done on the Claims Commission cases, only one of which obtained an award.[3]  Third, any claim for fees for work done on the D.C. case between 1999 and the May 2009 Fee Agreement is barred by limitations.  New York (6 years); Pennsylvania (4 years); District of Columbia (3 years).

Sorenson's opposing letter makes a nonsensical argument regarding his claim and the 2009 Fee Agreement.  He contends he does not seek to recover any fees for work on Simpson's Claims Commission cases, only for work done from 1999-May 2009 on the D.C. case.  But the contract language he relies upon contradicts that.  He was not terminated with or without cause for work done on the D.C. court case; Sorenson himself signed the stipulation of dismissal with prejudice with no recovery for Simpson at all.  Neither the express language nor any conceivable implication can support Sorenson's interpretation.

Sorenson's contention is also contradicted by the fact that he is also pursuing a charging lien and other claims against Winston & Strawn for a portion of its 10% attorney's fees for Sorenson's alleged work on Simpson's Claims Commission cases.  *Simpson v. Winston & Strawn*, Index No. 158124/2015, filed Aug. 6, 2015 (S.Ct. N.Y. Co.).  In sum, Sorenson seeks to recover more than $500,000 from Simpson in the case before Your Honor and more than

---

[2]  Sorenson's reliance upon the *Pan Am Flight 73* case to support his contention that 22 U.S.C. 1623(f) does not invalidate his Fee Agreement is baseless.  That case involved a dispute among claimants and did not involve Section 1623(f) or an attorney's fee dispute at all.  The sole issue in that case was whether an arbitration clause in the claimants' agreement obligated them to arbitrate their dispute under the Federal Arbitration Act, 9 U.S.C. 1 *et seq*.  The district court held they were, denied a preliminary injunction and refused to stay arbitration pending appeal.  *Pan Am Flight 73 Liaison Group v. Davé*, 711 F.Supp.2d 13 (D.D.C. 2010).  The D.C. Circuit affirmed, solely on the basis that the arbitration agreement was valid and federal law required arbitration.  *Pan Am Flight 73 Liaison Group v. Davé*, 639 F.3d 1102 (D.C. Cir. 2011).  Neither court addressed the underlying contractual dispute, which they held was for the arbitrator to decide.

[3]  Libya was not a party in Simpson's case before the Claims Commission.  Unlike court litigation, "the adjudication of a [Commission] claim is non-adversarial, and the Commission's staff endeavors to assist each claimant in establishing a compensable claim ...."  Claims Commission 2014 Annual Report 11, available at http://www.justice.gov/fcsc/file/452426/download.

DANIEL LAW PLLC

---

$90,000 from Winston & Strawn in the N.Y. Supreme Court case—a total of almost $600,000—3/5ths of Simpson's award by the Commission for her captivity in Libya.

Simpson's challenge to personal jurisdiction is not frivolous, as Sorenson contends. His original complaint does not contain any factual allegations supporting personal jurisdiction. The amended complaint, ¶ 6, adds a few barebones allegations of personal jurisdiction, but not evidence. Regardless of where it was signed, the first retainer agreement is not the basis of Sorenson's claim and cannot support personal jurisdiction. Further, Simpson's court case and Claims Commission cases were in Washington, D.C. and Simpson contends she signed the 2009 Fee Agreement in Pennsylvania, where she lives, though that is a factual issue outside the pleadings, of course.

Sorenson's first counsel expressly stated that no attempt was made to serve Simpson with the original summons and complaint within 120 days, gave no reasons for the failure, and did not request an extension. Letter to Hon. Steven M. Gold, M.J., Dkt. 7 (Dec. 7, 2015, lines 2-3). Nor did Sorenson's letter of February 23, 2016 offer any explanation or excuse. This supports dismissal under F.R.Civ.P. 4(m). The complaints contain no details as to the exact dates for which Sorenson claims compensation for services or for the more than $35,000 in expenses claimed due. Aside from Simpson's contention that limitations bars all claims for legal work on the D.C. court case, at a minimum, there may well be limitations issues as to specific fees or expenses sought by Sorenson; he should not obtain the benefit of tolling the statute since he did not timely serve the original complaint.

Sorenson also misreads F.R.Civ.P. 15(a)(1). A plaintiff may amend once "as a matter of course …," but only "within 21 days after serving it …," *i.e.* 21 days after serving the *original* complaint. If the original complaint is never timely served, the right to file an amended complaint does not arise. Sorenson's contention is not supported by the text of Rule 15.

Accordingly, the Court should schedule a conference, as requested, and set a schedule for Simpson to file a motion to dismiss.

Respectfully submitted,

Al J. Daniel, Jr.
*Counsel for Defendant*

Cc(ECF):    Hon. Steven M. Gold, M.J.          Lorna B. Goodman, Esq.
                                                *Counsel for Plaintiff*

---