September 1, 2017

Honorable Ann M. Donnelly
United States District Judge
United States Courthouse for the Eastern District
225 Cadman Plaza
Brooklyn, NY 11201

                               Re: *Sorenson v. Simpson*
                                    15 cv 4614 (AMD)

Dear Judge Donnelly,

      This letter is in response to the letter of Sandra Simpson requesting that the Court reconsider its decisions dated August 7, 2017 and May 2, 2017 based on her recent discovery of the holding in *Sorenson v. Winston & Strawn* (Sup. Ct. NY 2015, Index no. 158124). Plaintiff respectfully urges the court to respond as it did on August 7, 2017 in response to Simpson's request to file an interlocutory appeal and ask defendant to re-assert her argument in a summary judgment motion or at trial. Should the Court wish to address this now, plaintiff ask that he be given time to thoroughly brief the issues involved and respond accordingly.

      In short, however, I wish to point out that I brought the original decision of Justice Reed of Supreme Court NY to this court's attention on June 30, 2016, Docket Number 28, well before this Court's May 2, 2017 decision. (I did not convey Justice Reed's one sentence decision on reargument, which upheld the earlier decision, and which was issued on May 3, 2017). The original decision by Justice Reed is now on appeal by the plaintiff to the Appellate Division, First Department and will be heard at the December term this year.

      Finally, I note res judicata and collateral estoppel simply do not apply in this case. The parties are not the same nor is the claim. In State Supreme Court, Mr. Sorenson sued Winston & Strawn not Ms. Simpson. Ms. Simpson was not joined in the case, nor was a claim made to the FCSC for any payment of part of her award. Instead, he sued Winston & Strawn for a <u>share</u> of the 10% legal fee they received as a result of the FCSC award on the grounds that he had done the majority of work on the case. Nor is Ms. Simpson in privity with Winston & Strawn. Had the judgment in the lower court been adverse to Winston & Strawn, Ms. Simpson would not have been bound to pay Sorenson a penny. It is hornbook law that privity involves two parties having the same right to property. In this case, Ms. Simpson had no interest in Winston & Strawn's fee after it had been paid and thus cannot be in privity with the law firm.

      Supreme Court found that the retainer upon which Sorenson based his charging lien was void and dismissed the claim for unjust enrichment holding that Winston & Strawn did not "induce" Sorenson to work on the case or "rely" on his work product. Moreover, the finding of "unclean hands" was based upon the amended retainer which was not executed until well after all proceedings in federal court had been completed.

      In this case, where plaintiff is seeking fees generated by his work in Federal Court from Ms. Simpson, defendant unquestionably retained Sorenson and induced and relied upon his work to achieve the dismissal of Libya's claims of non-justiciability. Having received all the benefit of this work she has clearly been unjustly enriched.

      This case is all about fairness, the hallmark of unjust enrichment. Fairness clearly dictates that Sorenson is entitled to some recompense for his 12 years of successful advocacy on behalf of Ms. Simpson

                                        Respectfully Submitted,

                                                          /S/

                                        _____
                                        Lorna B. Goodman
                                        Attorney for the Plaintiff