**ORIGINAL**

419 Aderhold Rd
Saxonburg, PA 16056

Nov. 27, 2017

Hon. Sanket Bulsara, Magistrate Judge EDNY
Clerk's Office
United States District Court EDNY
225 Cadman Plaza
Brooklyn, NY  11201
Attn: Pro Se

**RECEIVED**
**NOV 27 2017**
**PRO SE OFFICE**

Re; Sorenson v. Simpson, 15 cv 4614 (AMD) (SJB)

Dear Magistrate Judge Bulsara:

I am the Pro Se Defendant in the above-captioned case.  I write to respectfully request that this

Court (1) grant me an extension of 15 days from December 8, 2017 within which to file for

Summary Judgement: (2) compel Plaintiff to produce documents responsive to Defendant's Document

Requests #2, #10, #3, #4. Also, to allow me to see something in electronic formbefore it is used, if it falls

outside these numbers, but within the document requests.   A copy of Defendant's Document Requests

and Plaintiff's Responses and Objectives are attached to this letter as Exhibits A and B, respectfully.  I

am having unexpected surgery on November 29th and this will limit my ability to work.

**Extension of time to move for Summary Judgement**

I am requesting an extension of 15 days until Dec. 23rd with which to move for Summary Judgement.  I

am representing myself and I am having surgery on November 29th that

will limit my ability to work for a period of time.  This is my first such extension request I have conferred

with Plaintiff's counsel about my request, and she consents to choosing a mediator

by Dec 5th and then having a mediation date when I am well.  She has just emailed me that she is willing

for a 5 day extension on the Summary Judgement.  The start would be a statement of material facts.  I

am having surgery and not sure how I will be that is why I asked for 15 days. *But, I am*
*willing to accept 5 days, until Dec 13.th SFS*

*1/ 4 3*

## Motion to compel Plaintiff's production of documents essential to my defense

I made only eleven document requests, and Plaintiff refused to produce any responsive documents. We had agreed that they would deposit documents in a specially created Gmail account, but none were ever deposited.   This was done so that there would be a searchable, portable data base and the meta-data of the emails could be checked.   I did produce documents and to the best of my knowledge and memory Ms. Goodman told judge Tiscione that she had enough documents.   I did not answer each request in a Word Doc., which I will do forthwith, I responded iin various emails.

Please compare Exh. A and Exh. B.  For example, Defendant's Document Request # 2, asks for "All written correspondence, including electronic correspondence, between Plaintiff and Defendant regarding any matters set forth in the Amended Complaint and in particular, any correspondence concerning the cost of litigation, the fee to be paid at the completion of the litigation, litigation expenses, task allocation, and litigation strategy." See Exhibit A.  Besides referring to the two retainer agreements between the parties, Plaintiff refused to produce any documents responsive to Request #2, stating as follows: See reponce to request #1: "This request is not proportional to the needs of the case considering the marginal importance of the material to the claims and defenses in this case, and (2) the substantial cost in time and money to produce the thousands of e-mails created over the 12 year span covered by the Amended Complaint.  This action involves a claim for attorney's fees over a nine year period during which plaintiff represented defendant in Federal Court. This representation is not disputed and indeed is evidenced by the public docket of the Federal District and Appellate Courts in Washington, D.C. In fact, the only issue now in this case is the statute of limitations.  Defendant does not dispute that she did not fire Mr. Sorenson until six years before the Complaint was served.  Thus, the only relevant facts are whether plaintiff served as her representative until he was fired. Official public records of the FCSC will confirm that he did." "See the terms of the pertinent retainers and the fee to be paid to dispel any suggestion that plaintiff was acting pro se, and without expectations of a fee for legal services and expenses." See Exh. B   Although I have attempted, in good faith, to confer with Plaintiff's counsel to obtain the Discovery that I need for my defense, those efforts have been futile.  There is no



need for this matter to waste the parties' and the Court's time and resources by going to trial. But, I cannot mount an adequate defense, nor may I present the best Summary Judgement, without Plaintiff's cooperation in producing highly relevant documents uniquely within his possession. Lawyers are required to keep accurate client records and this case is all about the records. That is why Statue of Limitations exist. Records are lost. Memories fade, people who are involved pass on..... How can the financial records of a case that is about fees, not be material to the case......

For the foregoing reasons, I respectfully request that the Court (1) grant me an extension of time until Dec. 22, 2017 to move for Summary Judgement: and (2) compel Plaintiff to produce documents responsive to my requests

Sandra Simpson  Pro Se Defendant

419 Adeerhold Rd, Saxonburg, PA 16056

CC: Lorna Goodman, 551  Madison Ave. 7th floor

New York, NY 10022

Copy mailed to Lorna Goodman